(November 28, 1911.)

CHICAGO, MILWAUKEE & PUGET SOUND RAILWAY CO., a Corporation, Respondent, v. WILLIAM W. FERRELL and JAMES SHEEHY, Appellants.

[119 Pac. 703.]

RAILWAY RIGHT OF WAY—MINING CLAIM LOCATED ON—INJUNCTION PENDENTE LITE.

(Syllabus by the court.)

1. Where a railway company built its railroad across land belonging to the United States and was operating the same as a part of its railway system, and thereafter a mining claim is located on said right of way, and it is made to appear by the complaint

and an affidavit filed on behalf of the company that the owners of such mining claim are working the same in a manner that interferes with the railroad company and its employees in operating its railway, and it appears from the answer and cross-complaint of the defendants that they claim that the railway company acquired no rights to its right of way across said land by reason of its being within a forest reserve, and the court grants an injunction *pendente lite,* ousting mining claimants from the possession of said land and enjoining them from in any manner interfering with the railroad company in its possession of said land, *held,* that such injunction must be modified to the extent and in a manner to permit the mining claimants to retain such possession of said claim as will in no manner interfere with the railroad company in its occupation and possession of said land and in the operation and conduct of its railroad business, until the final determination of the action.

APPEAL from the District Court of the First Judicial District for Shoshone County.    Hon. W. W. Woods, Judge.

Action to enjoin and restrain the defendants from in any manner interfering with the railway right of way over certain land.    Injunction *pendente lite* granted.    *Modified.*

A. G. Kerns, and Franklin Pfirman, for Appellants.

The sole object of a preliminary injunction is to protect property or rights in controversy until a final hearing on the merits, and a court of equity will not, by such preliminary injunction, take property out of the possession of one party and put it into the possession of the other.    (2 High Inj., 3d ed., 601; 22 Cyc. 743; *Toledo etc. Ry. Co. v. Detroit etc. R. Co.,* 61 Mich. 9, 27 N. W. 715; *Minneapolis etc. R. Co. v. Chicago, M. & St. P. R. Co.,* 116 Iowa, 681, 88 N. W. 1082; *San Antonio W. Co. v. Bodenhamer etc. Co.,* 133 Cal. 248, 65 Pac. 471; *Calvert v. State,* 34 Neb. 616, 52 N. W. 687; *Warlier v. Williams,* 53 Neb. 143, 73 N. W. 539.)

Chas. H. Voorhees, and F. M. Dudley, for Respondent.

Equity takes jurisdiction of infringement upon the right of easement and where, as in the case of a railroad, the easement is conferred for the public benefit, where the grantee is

charged with duties and responsibilities, for the safe performance of which for the benefit of the public it is liable, an action at law can never afford it adequate relief.

An action of ejectment, or actions for damages, would clearly be inadequate for its protection, and for these reasons, as well as because the protection of the public requires immediate action and because an impairment of this public highway constitutes a nuisance, a court of equity will at once take jurisdiction and grant the necessary injunctive relief. (*A. T. & S. F. Ry. Co. v. Spaulding,* 69 Kan. 431, 105 Am. St. 175, 77 Pac. 106, 66 L. R. A. 587, 2 Ann. Cas. 546; *K. C. P. Ry. Co. v. Burns,* 70 Kan. 627, 79 Pac. 238; *Seaboard Air Line R. Co. v. Olive,* 142 N. C. 257, 55 S. E. 263; *L. & N. R. Co. v. Smith,* 128 Fed. 1, 63 C. C. A. 1; *Kindred v. U. P. Ry. Co.,* 168 Fed. 648, 94 C. C. A. 112; *Wright v. St. L. S. W. Ry. Co.,* 175 Fed. 845.)

SULLIVAN, J.—This is an appeal from an order granting a temporary injunction *pendente lite.* The plaintiff, the railway company, by its complaint claims title to the land in dispute by virtue of an agreement with one who had settled upon said land as a part of the public domain, and also by virtue of its predecessor having complied with the act of Congress of March 3, 1875, entitled, ''An Act Granting to Railroads the Right of Way Through Public Lands of the United States.'' The appellants claim right to the possession of said land by reason of their having located the same as a mining claim. It appears from the record that the predecessor of plaintiff had constructed a line of railroad over the land in dispute and was operating its trains over the same prior to the time that appellants located the land in dispute as a mining claim. The railway company had also erected tenement houses thereon for its employees, and alleges that the appellants wrongfully entered upon and took possession of a portion of said right of way and have placed or are placing a building thereon and storing and using dynamite in excavating a mining tunnel thereon; that the use of such dynamite

upon said land is dangerous to the operation of said railroad and to persons employed by said company and to passengers carried on said railroad, and is a menace to the safety of the passengers and employees of the railroad company and to its property and business, and prays that the defendants be enjoined and restrained from occupying said strip of land and from in any manner interfering with the plaintiff's possession thereof.

Filed with the complaint was the affidavit of the station agent of said road, setting forth the facts that he is well acquainted with the land in dispute and that the plaintiff maintains thereon main, side, spur and other tracks connected with its railroad, also depot and other buildings and other structures, all of which are used in the transaction of the business of the plaintiff as a common carrier; that the plaintiff has also constructed thereon three tenement houses for use as living quarters for the employees of the plaintiff engaged in the operation of said railroad, and plaintiff intends to construct additional tenement houses for the same purpose; that said tenement houses are located about 1200 feet easterly of the depot building at the station of Avery; that defendant Ferrell on December 4, 1910, began the construction of a wooden shack or building upon the right of way of plaintiff a few feet easterly of the tenement houses before mentioned, and has completed the erection of said shack and that the same is occupied by the defendants; that the defendants or their agents or servants are now engaged in excavating a hole or tunnel on said right of way just northerly of said tenement houses of the plaintiff, and are using dynamite in making such excavation; that said hole or tunnel has been excavated to a depth of about sixty feet on the right of way of plaintiff and that defendants are continuing such work; that the effect of the use of said dynamite is to throw out quantities of rock and earth from said hole or tunnel upon said right of way and in the vicinity and around said tenement houses; that during the month of December, 1910, the time when said affidavit was made, the defendants were continuing the work on

said tunnel and had taken possession of said right of way northerly of the depot building and had begun clearing the ground and grading for the erection of another building upon said right of way.

Upon the filing of the complaint and said affidavit the district judge issued an order to show cause and also a temporary restraining order enjoining the defendants from using or occupying the premises in dispute. Thereafter the defendants appeared specially and moved to modify the temporary restraining order so as to retain possession of the ground that was then in their actual possession. Said motion was made upon the complaint and said affidavit upon the ground that the court had no jurisdiction to oust and eject the defendants from premises in their actual possession. The court thereafter modified said restraining order.

On January 3, 1911, defendants filed their answer and cross-complaint. The answer denied many of the material allegations of the complaint and alleged the death of the settler mentioned in plaintiff's complaint, and denied that the plaintiff had obtained any title through him, and alleged that the premises in dispute were a part of a forest reserve specially reserved from sale by the government of the United States and that the plaintiff never acquired any right thereto, and by their cross-complaint set up title to the ground in controversy as a part of a lode mining claim located by them in accordance with the mining laws of the United States and on which they had expended, it is alleged, $1,000 in driving a tunnel over seventy feet in depth; that in the month of May, 1910, plaintiff wrongfully entered upon and ousted defendants from a portion of their lode mining claim and still wrongfully holds the same; and claim damages in the sum of $2,000, and pray for a restoration of their possession and for damages.

On January 4, 1911, the hearing on the order to show cause was had, whereupon the judge made an order granting an injunction *pendente lite*, which injunction ousted and ejected the defendants from a right of way 200 feet wide and re-

strained them from in any manner interfering with said land. The appeal is from that order.

But one error is assigned and that is that the court erred in granting the injunction *pendente lite* which ousted and ejected the defendants from land in their actual possession and to which they claim title adverse to the plaintiff, prior to the final determination of the issues raised by the pleadings.

The question then directly presented is: Did the court err in granting said injunction which ousted and ejected the defendants from the land in dispute?

That part of the writ of injunction involved here is as follows:

"It is ordered that the said defendants and each of them, their agents, employees and contractors, and the agents, employees and contractors of each of them, be, and they are hereby enjoined from occupying or taking possession of all or any portion of a strip of land described as follows, to wit: A strip of land Two Hundred (200) feet in width, having One Hundred (100) feet of such width upon each side of the center line of the main track of the Chicago, Milwaukee and Puget Sound Railway Company, as the same is now constructed over and across what would be, if surveyed, Section Fifteen (15), in Township Forty-five (45) North, of Range Five (5) East of the Boise Meridian, in Shoshone county, Idaho, and from excavating, grading or displacing soil from said strip of land, or any thereof; and from erecting or occupying any building or other structure thereon and from digging or blasting any holes, tunnels, or shafts thereon; and from making use of or exploding any dynamite or other explosives thereon; and from interfering with or molesting the said plaintiff, or any of its agents, servants or employees, in the use, occupation or possession of said strip of land, or of any part thereof; or in the operation of its railroad, or any of its engines, trains or cars thereon; and from interfering with, disturbing or hindering in any manner the business of the said plaintiff carried on upon said strip of land, or the use by the said plaintiff, or any of its agents, servants or em-

ployees of any part of said strip of land, or any building or structure thereon; and from placing, piling or depositing any lumber, building material, explosives or other personal property upon said strip of land, or any thereof, save by and with the consent of the said plaintiff.''

It appears from the record that said railroad was constructed across the land in dispute prior to the first day of January, 1909, and that said mining claim was located on the 10th day of April, 1909; therefore the railroad company was in possession of said ground prior to the date of the location of said mining claim. But it is contended by counsel for appellants that as said railroad was constructed through a forest reserve without permission from the United States, the railroad company acquired no rights by such construction.

The trial judge or the court had the power and jurisdiction in the case at bar to grant proper injunctive relief until the case was determined on its merits, and this counsel for appellants concede, but contend that the injunction issued is too sweeping and results in ousting appellants from the possession of said land, the title to which is in dispute.

After a careful consideration of the facts and law, we think the injunctive order is too sweeping. We therefore conclude that said writ of injunction must be modified wherein it ousts the appellants from the possession of the disputed ground, and it must be modified so as to permit them to retain such possession thereof and to operate the same in such a manner as will not interfere with the railway company in its occupation and possession of said land and in the operation and conduct of its railroad business; and said writ must be continued in force as to that part of the injunction prohibiting appellants from in any manner interfering with the railroad company in the operation of its railroad or any of its engines or trains or cars thereof, and from interfering with, disturbing or hindering the business of said plaintiff carried on on said strip of land, or in doing any acts on said land that would interfere in any manner with the plaintiff in its use

of said land in the operation of its railway or in the conduct of its railway business.

The cause is remanded with instructions to the district court to modify said injunction as above indicated.   Costs of this appeal are awarded to the appellants.

Stewart, C. J., and Ailshie, J., concur.